# Supreme Court of Florida

_____

No. SC20-1102
_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.830.**

January 7, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Rule of Criminal Procedure 3.830. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(f).

The Florida Bar's Criminal Procedure Rules Committee (Committee) filed a report proposing amendments to Florida Rule of Criminal Procedure 3.830 (Direct Criminal Contempt). The Committee's proposal follows a referral by the Court, requesting that the Committee consider whether the rule should require that the trial court's judgment of direct criminal contempt include documentation that the procedural steps required by the rule were followed. We adopt the Committee's amendments to rule 3.830 with slight modification.

Rule 3.830 is reorganized. As amended, the rule is divided into numbered subdivisions. The first sentence remains as an introductory paragraph, and adds the word "only" as follows: "A criminal contempt may be punished summarily only if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court." The second sentence, providing that "The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based," is moved to a numbered paragraph. The introductory paragraph concludes with a new sentence, "The court shall strictly comply with the following five procedural requirements." Next are the five numbered paragraphs with the procedural requirements that were previously included in the rule but not separately numbered. Finally, a final sentence is added as a standalone paragraph, providing that the defendant may be temporarily detained and removed to ensure the safety of the individuals in the courtroom. *See Manzaro v. D'Alessandro*, 283 So. 3d 335, 337 (Fla. 4th DCA 2019) (suggesting that the Committee propose such an amendment to the rule to the Court).

Accordingly, we amend Florida Rule of Criminal Procedure 3.830 as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments to these rules shall become effective April 1, 2021.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Criminal Procedure

Honorable Angela Cote Dempsey, Chair, Criminal Procedure Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

## RULE 3.830.    DIRECT CRIMINAL CONTEMPT

A criminal contempt may be punished summarily <u>only </u>if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. ~~The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based.~~<u>The court shall strictly comply with the following five procedural requirements.</u>

<u>(a)</u>    Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor.

<u>(b)</u>    The ~~defendant~~<u>court</u> shall ~~be given~~<u>provide the defendant</u> the opportunity to present evidence of excusing or mitigating circumstances.

<u>(c)</u>    <u>The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based, and confirm compliance with the five procedural requirements of this rule.</u>

<u>(d)</u>    The judgment shall be signed by the judge and entered of record.

<u>(e)</u>    Sentence shall be pronounced in open court.

<u>If necessary to ensure safety of individuals in the courtroom, the court may order the defendant be temporarily detained and removed from the courtroom; however once the danger to individuals in the courtroom has abated, the defendant should be returned to the courtroom to allow for the procedures set forth in this rule.</u>

### Committee Notes

[No changes]